UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

YOSBREY CONCHADO, DAVID DEVITO,
ANTONIO STURGIS, and AHMAD JONES,
on behalf of themselves and all others similarly
situated,

    Plaintiffs,

vs.

KAUFF'S, INC., a foreign corporation, d/b/a
Kauff's Transportation, Kauff's Transportation
Systems, and Kauff's Towing and Transportation,
GUARDIAN FLEET SERVICES, INC., a Florida
corporation, d/b/a Kauff's Transportation, Kauff's
Transportation Systems, and Kauff's Towing and
Transportation, and FRANCIS GEOFFREY
RUSSELL a/k/a GEOFFREY RUSSELL, a/k/a
GEOFF RUSSELL, individually,

    Defendants.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiffs, Yosbrey Conchado, David Devito, Antonio Sturgis, and Ahmad Jones, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, sue the Defendants, KAUFF'S, INC., a foreign corporation, d/b/a Kauff's Transportation, Kauff's Transportation Systems, and Kauff's Towing and Transportation ("Kauff's), GUARDIAN FLEET SERVICES, INC., a Florida corporation, d/b/a Kauff's Transportation, Kauff's Transportation Systems, and Kauff's Towing and Transportation ("Guardian") (collectively "the Corporate Defendants"), and FRANCIS GEOFFREY RUSSELL a/k/a GEOFFREY RUSSELL, a/k/a GEOFF RUSSELL, individually ("Russell"), and for their causes of action, declare and aver as follows:

    1.    The Plaintiffs are former employees of the Corporate Defendants, working for the

Corporate Defendants in the Southern District of Florida during one or more workweeks within the last three (3) years.

2. The Plaintiffs bring this action on behalf of themselves and all other current and former employees of the Corporate Defendants similarly situated to them, on a collective basis, for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter referred to as "the FLSA").

3. The Plaintiffs are within the jurisdiction of this Court.

4. Kauff's is a foreign corporation, doing business in Florida as Kauff's Transportation, Kauff's Transportation Systems, and Kauff's Towing and Transportation, and is within the jurisdiction of this Court.

5. Guardian is a Florida corporation, doing business in Florida as Kauff's Transportation, Kauff's Transportation Systems, and Kauff's Towing and Transportation, and is within the jurisdiction of this Court.

6. At all times material hereto, the Corporate Defendants shared services of employees, and/or interchanged employees, acted in the direct interests of each other towards a collective interest, and exercised common control over employees and operations, including personnel decisions, and as such, the Corporate Defendants are a "single employing enterprise" or, alternatively, "joint employers" of the Plaintiffs.

7. Defendant, Russell, is a resident of Palm Beach County, Florida, and within the jurisdiction of this Court. At all times material hereto, Russell owned, managed and/or operated the Corporate Defendants. Moreover, at all times material hereto, Russell regularly exercised the authority to hire and fire employees; determine the work schedules of employees; set the pay rates of employees; and control the finances and operations of the Corporate Defendants. By virtue of such control and authority, Russell is individually liable as an "employer" under the FLSA.

8. This action is brought to recover from the Defendants unpaid overtime compensation,

liquidated damages, costs and reasonable attorneys' fees, as well as for declaratory and injunctive relief, under the provisions of the FLSA, 29 U.S.C. § 201, *et seq*., and specifically under 29 U.S.C. § 216(b).

9. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. At all times material hereto, Defendants were, and continue to be, engaged in interstate commerce as defined by the FLSA.

11. At all times material hereto, during their employment with Defendants, Plaintiffs were engaged in interstate commerce.

12. The additional persons who may become Plaintiffs in this action, and who Plaintiffs believe are entitled to notification of the pendency of this action, and of their right to opt-in to this action, are current and former employees of the Corporate Defendants similarly situated to Plaintiffs who are or were subject to the payroll practices and procedures described in the paragraphs below.

13. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-19 in that Plaintiffs and those current and former employees similarly situated to Plaintiffs, while employed by the Corporate Defendants as tow truck drivers, performed hours of service for the Corporate Defendants in excess of forty (40) during one or more workweeks, for which the Corporate Defendants failed to properly pay overtime premiums.

14. In the course of their employment with the Corporate Defendants, Plaintiffs, and other current and former employees similarly situated to them, worked hours in excess of forty (40), but were not properly paid overtime.

15. The pay practices of the Corporate Defendants, as described in the above paragraphs, violated the FLSA by failing to properly pay overtime premiums to Plaintiffs, and those other current and former employees similarly situated to Plaintiffs, for those hours worked in excess of forty (40).

16. During the three (3) years preceding the filing of this lawsuit, the Corporate

3

Defendants employed, and continue to employ, individuals similarly situated to Plaintiffs (*i.e.* tow truck drivers) throughout the state of Florida.

17. During the three (3) years preceding the filing of this lawsuit, the Corporate Defendants suffered or permitted to be suffered, with knowledge, hours of service by these employees, including in excess of forty (40), during one or more workweeks, for which Defendants failed to properly pay overtime premiums.

18. Each improperly paid employee who performed and/or continues to perform services for the Corporate Defendants, for any time period during the three (3) years preceding this lawsuit, is entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action.

19. Plaintiffs therefore will seek this Court's authorization to mail notice on a company-wide basis to all current and former employees similarly situated to the Plaintiffs who work or worked for the Corporate Defendants during any payroll period going back three (3) years from the date of filing of this lawsuit.

20. It should be noted that the Defendants previously settled another lawsuit brought by a similarly situated individual. *See Puza v. Kauff's, Inc. et al.,* Case No. 9:18-cv-81330-BER.

## COUNT I - RECOVERY OF UNPAID OVERTIME

21. Plaintiffs reaver and reallege all allegations contained in paragraphs 1 through 20 above as if fully set forth herein.

22. Plaintiffs are entitled to be paid an overtime premium for each hour worked in excess of forty (40) per workweek and to have such overtime calculated in accordance with Federal Regulations, to include commission/bonus payments earned in the appropriate workweek in the calculation of the regular rate for the purposes of determining overtime entitlement. All similarly situated employees are similarly owed overtime premiums, calculated properly, for those overtime hours they worked and for which they were not properly paid.

23. By reason of the willful and unlawful acts of the Defendants, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurred costs and reasonable attorneys' fees.

24. As a result of the Defendants' violation of the Act, all Plaintiffs (Plaintiffs and those similarly situated to them) are entitled to liquidated damages in an amount equal to that which they are owed as unpaid overtime.

WHEREFORE, Plaintiffs, and those similarly situated to them, who have or will opt-in to this action, demand judgment against Defendants for the overtime wages due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other relief the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,

PADULA BENNARDO LEVINE LLP
Attorneys for Plaintiffs
3837 NW Boca Raton Blvd., Suite 200
Boca Raton, FL 33431
Telephone: (561) 544-8900
Facsimile: (561) 544-8999


By: *s/Daniel R. Levine*
Daniel R. Levine, Esq.
Fla. Bar No. 0057861
E-Mail: drl@pbl-law.com