UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:20-cv-80344-DMM  (Middlebrooks)

YOSBERY CONCHADO, DAVID DIVITO,
ANTONIO STURGIS, and AHMAD JONES, on
behalf of themselves and all others similarly situated,

    Plaintiffs,

vs.

KAUFF'S, INC., a foreign corporation, d/b/a
Kauff's Transportation, Kauff's Transportation
Systems, and Kauff's Towing and Transportation,
GUARDIAN FLEET SERVICES, INC., a Florida
corporation, d/b/a Kauff's Transportation, Kauff's
Transportation Systems, and Kauff's Towing and
Transportation, and FRANCIS GEOFFREY
RUSSELL a/k/a GEOFFREY RUSSELL, a/k/a
GEOFF RUSSELL, individually,

    Defendants.
_____/

## JOINT MOTION TO REVIEW AND APPROVE FLSA SETTLEMENT AND DISMISS ACTION WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

The parties, by and through their respective undersigned counsel, hereby move the Court for approval of their FLSA collective action settlement and dismissal of this action with prejudice, as follows:

    1.    Plaintiffs allege Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"), by failing to pay alleged unpaid overtime compensation. Defendants vigorously deny any wrongdoing under the FLSA, and further deny Plaintiffs are entitled to any relief whatsoever, asserting as its main defense the applicability of the motor carrier exemption.

    2.    The parties agree that there is a bona fide, good faith dispute as to both liability and damages regarding Plaintiffs' claims. In fact, the Court recently denied the parties' cross-motions

for summary judgment. *See* ECF No. 103.

3. To avoid the costs and uncertainty of further litigation, the parties have negotiated a settlement of this matter. Per *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court (or under the supervision of the U.S. Department of Labor). The parties request that the Court review and approve their settlement and dismiss this action with prejudice. The parties further request that the Court reserve jurisdiction to enforce the terms of the settlement, should such enforcement be necessary.

4. All parties are represented by competent counsel in this action.

5. All parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length settlement of Plaintiffs' claims.

6. As a result, Plaintiffs and Defendants have agreed to a resolution of all claims in this matter. The proposed settlement agreement is attached as Exhibit 1.

7. The settlement allocation as to the named Plaintiffs, as well as to the opt-in class, is fair and reasonable. The parties stipulate that they had a bona fide dispute and that they are resolving the matter to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. All parties have been represented by counsel throughout the litigation. Additionally, Plaintiffs' claims involve disputed issues.

8. The Parties agreed to the terms of the settlement after they were counseled by their respective attorneys.

9. Counsel for both Parties represent that the settlement entered into by the Parties was an arms-length compromise and there was no collusion with regard to the settlement of this matter.

10. Counsel for the Parties also represent that the continuation of this litigation would necessitate further expense necessitating additional expenditures of costs and attorney's fees.

11. Counsel for both parties agree that, in their respective opinions, the settlement is fair and reasonable under the circumstances.

12. The Parties have agreed on a reasonable amount of amount of fees and costs to be awarded to Plaintiffs' counsel. The case was hotly litigated and contested through the denial of the cross-motions for summary judgment.

13. All parties are represented by counsel in this action, and all parties and their respective counsel agree and stipulate that the settlement represents a fair, reasonable, good faith and arms-length compromise of Plaintiffs' claims.

WHEREFORE, the Parties jointly request that the Court enter an order (a) approving the parties' settlement; (b) dismissing this action with prejudice; and (c) reserving jurisdiction to enforce the terms of the settlement, should such enforcement be necessary. A proposed order is provided herewith.

Dated: May 10, 2021
Boca Raton, FL

Respectfully submitted,

**Daniel R. Levine**
DANIEL R. LEVINE, ESQ.
Florida Bar No. 0057861
E-mail: drl@pbl-law.com
Padula Bennardo Levine LLP
3837 NW Boca Raton Blvd.
Suite 200
Boca Raton, FL  33431
Telephone: (561) 544-8900
Attorneys for Plaintiffs

**Melissa S. Zinkil**
MELISSA S. ZINKIL, ESQ.
Florida Bar No. 0653713
E-mail: melissa.zinkil@akerman.com
Akerman LLP
777 S. Flagler Drive
Suite 1100 West Tower
West Palm Beach, FL  33401
Telephone: (561) 544-8900
Attorneys for Defendants

**John D. Cox**
John D. Cox (admitted *pro hac vice*)
Scott D. Spiegel (admitted *pro hac vice*)
Lynch, Cox, Gilman & Goodman P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY  40202
Telephone: (502) 589-4215
Attorneys for Defendants